CHRISTIAN T. CHRISTENSEN, APPELLANT, *v.* EDWARD A. QUINTARD, RESPONDENT, IMPLEADED.

*Statute of limitations — when it commences to run against a creditor seeking to recover assets of a corporation improperly given to its stockholders.*

In the year 1871, the Illinois and St. Louis Bridge Company, a foreign corpora tion chartered in the States of Illinois and Missouri, issued to the defend- ant Quintard, one of its stockholders, stock and bonds without receiv- ing any consideration therefor. July 5, 1882, the plaintiff recovered a judg- ment against the company for a cause of action which arose in 1873 and 1874 in the State of Missouri. An execution having been issued thereon to the sheriff of New York, and having been by him returned unsatisfied, the plaintiff brought this action to compel Quintard to pay the amount unpaid upon the shares of stock and the value of the bonds so issued to him.

*Held,* that as the plaintiff's right to sue the defendant did not arise until the execution had been issued and returned unsatisfied, the statute of limitations did not begin to run against it until that time, and that it was not, therefore, barred thereby.

APPEAL from a judgment dismissing the complaint, entered upon the trial of this action at the Special Term.

*Charles E. Tracy,* for the appellant.

*Hamilton Odell,* for the respondent.

BRADY, J.:

The plaintiff is a judgment creditor of the Illinois and St. Louis Bridge Company, a corporation chartered in Illinois and Missouri. The defendant Quintard was a subscriber for 250 shares of the capital stock of the company of the par value of $25,000, which he paid in full. In or about January, 1871, the company issued to him twenty-five additional shares, the certificate for which stated, upon its face, that forty per cent, or forty dollars upon each share, had been paid, and Quintard subsequently paid the company the sixty per cent. The learned justice in the court below, in reference to these additional shares, found that the defendant did not sub- scribe for them, but that they were issued to him pursuant to the resolution of the board of directors of the bridge company of May 4, 1871. The forty dollars a share which the company represented as paid was not paid by Quintard.

It also appears that the company called in the remaining sixty dollars a share and contemporaneous!y therewith divided and distributed amongst the stockholders a million dollars, in nominal amount, of second mortgage bonds, without receiving value therefor. The plaintiff's judgment was recovered on the 5th of July, 1882, and was for causes of action originating in the years 1873 and 1874, in the State of Missouri. An execution was duly issued on this judgment to the sheriff of the city and county of New York, and was returned unsatisfied, whereupon the plaintiff brought this action against Quintard and the company to compel the former to pay him the forty dollars a share upon the twenty-five shares already mentioned, and the sum of $5,332.18, the alleged value of the second mortgage bonds, which it was charged had been delivered by the company to Quintard without consideration.

The defendant, amongst other defenses, interposed that of the statute of limitations, and the learned judge in the court below held that this prevented the plaintiff from recovering. His view seems to have been that no recovery could have been had upon these claims by the corporation or by any person representing it, as the causes of action arose in 1873 and 1874, nearly ten years before the action was commenced and the statute had run, and further, that the proposition that because this action could not be maintained until the return of an execution unsatisfied the statute did not run, could not obtain, as such a rule would entirely defeat the object of the statute. The learned judge further suggested that if the judgment debtor's right to recover was lost by lapse of time, it seems hardly possible that the judgment creditor, claiming through him, could recover. That is to say, inasmuch as the corporation could not, by reason of the operation of the statute, recover from Mr. Quintard any sum arising from the distribution of the stock and bonds mentioned, the creditors of the corporation claiming through it could not recover in this action. The learned justice suggested that if such a rule was to prevail, then, in case a creditor should become insolvent, claims outlawed fifty years before would be revived if a suit was brought by a judgment creditor to reach them as assets.

The success of the plaintiff in this action does not depend, however, upon the right of the bridge company to recover from the

defendant, but upon the recovery of the plaintiff in this action against that company. The causes of action upon which the judgment was obtained against the company arose in 1873 and 1874, and there is nothing to show that the statute of limitations applied against the plaintiff as to his claim. The right of the creditors of the bridge company to pursue the defendant on a demand such as asserted herein, rests upon a judgment recovered against the company and the exhaustion of the remedies attendant upon that judgment. The time within which to bring the action is dependent upon the provisions of the Code, which, by section 415, declares. that the periods of limitation prescribed by this chapter, except as otherwise specially provided, must be computed from the time of the accruing of the right to relief by action, special proceeding, defense or otherwise, as the case requires, to the time when the claim for that relief is actually interposed by the party as a plaintiff or defendant in a particular action or special proceeding.

The plaintiff seeks to obtain from the defendant property distributed improperly to him as one of the stockholders of the bridge company, and if he can establish the fact alleged, he may recover, the assets of a corporation being a trust fund for the payment of its debts, and its creditors having a lien thereon and the right to priority of payment over its stockholders. And this appears to be a right whether the stockholder receives the dividend by fair agreement with his associates or by a wrongful act, and the creditor is not required to bring a suit on behalf of other creditors who may choose to come in, or to make all the stockholders parties to the action. But he cannot proceed thus until a judgment is obtained against the company and an execution issued and returned unsatisfied; his right of action accrues, therefore, after the latter ceremony has been observed. (*Hastings* v. *Drew*, 50 How. Pr., 254; 76 N. Y., 9; *Bartlett* v. *Drew*, 57 id., 587; *Sturges* v. *Vanderbilt*, 73 id., 384; *Stephens* v. *Fox*, 83 id., 313–317; *Scovill* v. *Thayer*, 105 U. S., 143; *Taylor* v. *Bowker*, 111 id., 110.)

Although, therefore, the alleged improper distribution of stock and bonds took place in 1871, the right of the plaintiff to seek such appropriation out of the assets of the company did not accrue until after his judgment was obtained and an execution issued upon it. As long, therefore, as the liability of the corporation is con-

tinued, the responsibility of the stockholder must necessarily continue; although, perhaps, it may be that the time within which all the proceedings should be commenced must be ten years from the time of the indebtedness to the company, which in this case, assuming the liabilities to have existed in 1873, would expire in 1883, prior to which time a judgment had been obtained against him and this action commenced against the defendant.

For these reasons the judgment must be reversed and a new trial ordered, with costs to abide the event.

DANIELS, J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Judgment reversed, new trial ordered, costs to abide event.